UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THOMAS J. McGILL     :
           :
   v.       :  C.A. No. 09-080S
           :
CITIZENS FINANCIAL   :
GROUP, INC.      :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Civ. 72) is Plaintiff's Motion to Remand to State Court. (Document No. 5). Defendant objects. (Document No. 6). The legal issue raised in Plaintiff's Motion is narrow and has been adequately framed in the parties' filings. Thus, I conclude that neither oral argument nor a hearing is necessary to, or would be of assistance in, resolving Plaintiff's Motion.

**Background**

This is an employment discrimination suit commenced by Plaintiff in Rhode Island Superior Court on January 29, 2009. Plaintiff's Complaint contains five counts arising under Rhode Island statutory and common law. Counts I, II and III are state statutory discrimination claims brought under Rhode Island's Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, et seq., Civil Rights Act, R.I. Gen. Laws § 41-112-1, et seq. and Civil Rights of People with Disabilities Act, R.I. Gen. Laws § 42-87-1, et seq. Counts IV and V are state common law claims alleging defamation and intentional/negligent infliction of emotional distress. (Document No. 1-2).

On February 23, 2009, Defendant removed to this Court under 28 U.S.C. § 1441 alleging that Plaintiff's Complaint presented a federal question within the meaning of 28 U.S.C. § 1331.

(Document No. 1).   In particular, Defendant contends that Plaintiff's Complaint references and incorporates an administrative charge of discrimination which alleges a violation of the federal Americans with Disabilities Act of 1990 ("ADA").

**Discussion**

Under 28 U.S.C. § 1331, federal district courts have original subject matter jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  Generally, a civil action filed in state court which contains a claim arising under federal law, i.e., a federal question, may be removed to federal court without regard to the citizenship or residence of the parties.  28 U.S.C. § 1441(b).   "[A] claim arises under federal law...if a federal cause of action emerges from the face of a well-pleaded complaint."  Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998).  In other words, the inquiry is whether "a federal claim is made manifest within the four corners of the plaintiffs' complaint."  Id.; see also Almond v. Capital Properties, Inc., 212 F.3d 20, 23 (1st Cir. 2000) ("[S]ection 1331 covers claims that are created by federal law (including federal common law), whether expressly or by implication") (emphasis in original).

The parties' arguments are simply stated.  Defendant asserts that the reference in Plaintiff's Complaint to an administrative charge containing an ADA claim makes this a properly removable federal question case.  Plaintiff counters that his Complaint "pleads state law claims only" and that he "did not seek federal relief and waives any such claim."  (Document No. 5).

A review of Plaintiff's Complaint makes plain that he intended to bring only state law claims against Defendant.  In his Complaint, Plaintiff alleges as factual background that the Rhode Island Commission for Human Rights "terminated Plaintiff's charge, and issued a right to sue letter." Compl., ¶ 19; see Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 10-11 n.25 (1st Cir. 2004)

(document containing a federal claim attached to complaint as "factual background" does not raise a federal question for removal purposes).  Plaintiff attaches the November 24, 2008 right to sue letter and the first page of the underlying administrative charge of discrimination as Exhibits to his Complaint.  Id., ¶¶ 20, 21.  Finally, as to the charge, Plaintiff avers that "its allegations are incorporated herein by reference."  Id. at ¶ 21.

Plaintiff's reference to an administrative charge which contains an allegation that Defendant violated the ADA is not enough to convert this from a purely state law case to one raising a federal question.[1]  Plaintiff's Complaint is organized into five individual counts, and each unambiguously contains a state law claim.  Plaintiff "co-filed" his administrative charge of discrimination with both the Rhode Island Commission for Human Rights and the federal Equal Employment Opportunity Commission pursuant to 29 C.F.R. §§ 1601.13, 1601.74 and 1601.80.  (See Document No. 1-3).  This "co-filed" charge is relevant to Plaintiff's obligation as to Count I (R.I. Fair Employment Practices Act) to exhaust his administrative remedies and obtain a right to sue letter before filing suit.  See R.I. Gen. Laws §§ 28-5-17, 18 and 24.1; and Power v. City of Providence, 582 A.2d 895, 899-900 (R.I. 1990).  Finally, even if Plaintiff's reference to the underlying administrative charge of discrimination created any ambiguity in the Complaint regarding Plaintiff's intention to plead a federal ADA claim, Plaintiff makes it absolutely clear in his Motion to Remand that he is not asserting an ADA claim and "waives any such claim." (Document No. 5 at p. 4 (emphasis added)).

---

[1] The record only includes the first page of Plaintiff's administrative charge of discrimination. (Document No. 1-3 at p. 2).  Defendant represents that the allegation that it violated the ADA is on page 2 of the charge.  Plaintiff counters that page 2 was not part of the Exhibit but that is of no significance since Plaintiff's Complaint references and incorporates the charge, a public document, as a whole.  Plaintiff does, however, represent that the charge refers to state law as well as the ADA, which it is consistent with a "co-filed" charge.  Furthermore, Defendant does not argue that Plaintiff's charge only alleged violations of federal law.

Absent any federal cause of action in Plaintiff's Complaint, this Court lacks subject matter jurisdiction, and remand of this case to Superior Court is mandated.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion to Remand to State Court (Document No. 5) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  See  Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 27, 2009